Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0015 | **DATE** | March 22, 2011 |
| **CASE TITLE** | Claxton Williams (#N-62439) v. Major Niles, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#6] is granted and his initial partial payment is waived. The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to continue making deductions and payments in accordance with this order. The Clerk shall send a copy of this order to the Inmate Trust Account Office at Stateville Correctional Center. However, summonses shall not issue at this time. The Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies) limited to a single, core claim. Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The Clerk is directed to: (1) mail a copy of this order to the trust fund officer at Stateville Correctional Center; and (2) provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ **[For further details see text below.]**                                              **Docketing to mail notices.**

## STATEMENT

Plaintiff, an inmate in state custody at Menard Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the 21 Defendants violated Plaintiff's constitutional rights for a variety of reasons while he was incarcerated at Stateville Correctional Center, including subjecting him to excessive force, deliberate indifference to a substantial risk of serious harm, deliberate indifference to a serious medical condition, retaliation, and a variety of state law violations.

According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The inmate trust account office at the Menard Correctional Center shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.
**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

However, Plaintiff must submit an amended complaint, as the document on file contains misjoined claims and Defendants. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the U.S. Court of Appeals for the Seventh Circuit examined a similar prisoner complaint containing a laundry list of grievances. The Court of Appeals admonished the district Court for failing to "question" the plaintiff's decision to join numerous defendants, and numerous distinct claims, in a single suit. *George*, 507 F.3d at 607.

In the case at bar, Plaintiff has submitted a multi-count complaint making distinct claims against Defendants who are related only to the extent that they are all employed by the Illinois Department of Corrections. As discussed in *George*,

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different Defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-Defendant suit produced but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George*, 507 F.3d at 607. Plaintiff's complaint containing unrelated claims and Defendants cannot stand. *Id.* at 606.

For the foregoing reasons, Plaintiff's complaint is dismissed without prejudice. Plaintiff must choose a single, core claim (or multiple claims against a single Defendant or discreet group of Defendants) under this case number. Any other claims Plaintiff may wish to prosecute must be brought in separate lawsuits. Further, Plaintiff is an experienced litigator, having filed no fewer than five federal complaints in this Court in the last decade, as well as pursuing federal litigation in the Central District of Illinois. Accordingly, the Court will give him one opportunity to amend his complaint, focusing his allegations on a single, core claim. If he fails to comply with this order, this case will be dismissed.

Plaintiff is granted thirty days from the date of this order to submit an amended complaint on the Court's required form. The amended complaint must be limited to a single basic claim or Defendant. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the amended complaint, without reference to the original complaint. **Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.** Plaintiff is advised to keep a copy for his files.

The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to comply by within thirty days, the case will be summarily dismissed, on the understanding that Plaintiff does not wish to pursue his claims at this time.